UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EON-NET, L.P.,                                              :
                                                            :
                              Plaintiff,                    :        07 Civ. 10488 (PKC)
                                                            :
                    v.                                      :        *PKC*
                                                            :
J. CREW INC.,                                               :        **[PROPOSED] CIVIL**
                                                            :        **CASE MANAGEMENT**
                              Defendant.                    :        **PLAN AND**
                                                            :        **SCHEDULING ORDER**
                                                            :
                                                            :
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-14-08

           This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ.
P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ.
P.

1.         All parties do not consent to conducting all further proceedings before a magistrate
           judge, including motions and trial. 28 U.S.C. § 636(c).

2.         This case is to be tried to a jury.

3.         Amended pleadings may not be filed and additional parties may not be joined except
           with leave of the court. Any motion to amend or to join additional parties shall be filed
           within thirty (30) days from the date of this Order.

4.         Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed by
           **February 29, 2008**.

5.         Disclosure of asserted claims and infringement contentions.

5.1        By **May 30, 2008** Plaintiff must serve on Defendant Plaintiff's Disclosure of Asserted
           Claims and Infringement Contentions. The Disclosure of Asserted Claims and
           Infringement Contentions shall contain the following information:

           5.1.1    Identification of each claim of each patent in suit that is allegedly infringed by
                    Defendant;

           5.1.2.   Separately for each asserted claim identified in ¶ 5.1.1, identification of each
                    accused apparatus, product, device, process, method, act, or other instrumentality
                    ("Accused Instrumentality") of Defendant of which Plaintiff is aware. This

1

identification shall specify and shall include at least identification of the Accused Instrumentality and all accused aspects or elements thereof;

5.1.3.  A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

5.1.4.  Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality, and if present under the doctrine of equivalents, the asserting party shall also explain why it contends that any differences are not substantial;

5.1.5.  Separately for each asserted claim identified in ¶ 5.1.1, identify the earliest invention date to which each such asserted claim allegedly is entitled, the basis therefor, and identify all documents evidencing the conception and reduction to practice of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier; and

5.1.6.  If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, Plaintiff must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality.

5.2    Document Production Accompanying Disclosure

With the Disclosure of Asserted Claims and Infringement Contentions, Plaintiff must produce to Defendant or make available for inspection and copying:

5.2.1.  All documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreement, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell or other manner of transfer, the claimed invention prior to the date of application for the patent in suit. Plaintiff's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

5.2.2.  All documents constituting communications to and from the U.S. Patent Office for each patent in suit and for each patent or application on which a claim for priority is based;

5.2.3.  Documents evidencing the accused aspects or elements of each accused apparatus, product, device, process, method, act or other Accused Instrumentality which form the basis for the allegations of infringement;

2

5.2.4.  All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to ¶ 5.1.5 above, whichever is earlier; and

5.2.5.  A copy of the file history for each patent in suit.

Plaintiff shall, within thirty (30) days of production, separately identify by production number which documents correspond to each category ¶¶ 5.2.1-5.2.5.

6.    Invalidity Contentions

6.1   By **August 29, 2008** Defendant shall serve upon Plaintiff its Invalidity Contentions. Invalidity Contentions shall contain the following information:

6.1.1   The identity of each item of prior art that Defendant then contends allegedly anticipates or renders obvious each asserted claim. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

6.1.2.  Whether each item of prior art allegedly anticipates each asserted claim or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

6.1.3.  A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

6.1.4.  Any grounds of invalidity under 35 U.S.C. § 112 of any of the asserted claims.

6.2   Document Production Accompanying Invalidity Contentions

With the Invalidity Contentions, Defendant must produce or make available for inspection and copying:

3

6.2.1.  Source code, specifications, schematics, flow charts, formulas, or other documentation sufficient to show the operation of any Accused Instrumentality identified by the patent claimant in its Disclosure of Asserted Claims and Infringement Contentions pursuant to Section 5 of this Order; and

6.2.2.  A copy of each item of prior art, of which Defendant is aware, that allegedly anticipates or renders obvious each asserted patent claim.

7.    Claim Construction Proceedings

7.1    Exchange of Proposed Constructions for Claim Terms and Phrases

By **October 1, 2008,** the parties shall simultaneously exchange a list of claim terms and phrases, and proposed constructions for each such term or phrase which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

7.2    Preparation and Filing of Joint Disputed Claim Terms Chart

By **October 8, 2008,** the parties shall meet and confer to identify claim terms and phrases that are in dispute and claim terms and phrases that are not in dispute.

By **October 20, 2008,** the parties shall prepare and file a Joint Disputed Claim Terms Chart listing claim terms and each party's proposed construction for each disputed claim term and phrase asserted by each party.

7.3    Claim Construction Briefing and Extrinsic Evidence

7.3.1  By **November 20, 2008,** the parties each shall serve and file a Claim Construction Brief including a proposed construction of each claim term and phrase which the parties jointly have identified as being in dispute. Such Claim Construction Brief shall also, for each element which the party contends is governed by 35 U.S.C. § 112(6), describe the claimed function of that element and identify the structure(s), act(s), or material(s) corresponding to that element in the patent specification. Such Claim Construction Brief shall further include a statement of the anticipated length of time necessary for the party to present its case at the claim construction hearing.

7.3.1.1.  At the same time each party serves its Claim Construction Brief, each party shall serve and file an identification of extrinsic evidence, including testimony of lay and expert witnesses the party contends supports its claim construction. Each party shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, lay or expert, each party shall also serve and file an affidavit signed by the witness that sets forth the substance of that witness' proposed testimony sufficient for the other party to conduct meaningful examination of the witness(es).

4

7.3.2. By **December 19, 2008**, each party may serve and file a Reply, not to exceed ten (10) pages, solely rebutting the other party's Claim Construction Brief. Each Reply shall further include a concise statement not to exceed five (5) pages as to whether the party objects to other party's offer of extrinsic evidence.

7.4    Completion of Claim Construction Discovery

7.4.1. By **December 19, 2008**, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

7.5    Claim Construction Hearing

7.5.1. Subject to the convenience of the Court's calendar, on ~~January 9, 2009~~, the Court shall conduct a Claim Construction Hearing.

8.    All fact discovery shall be completed no later than **April 6, 2009**.

9.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the court, provided all fact discovery is completed by the date set forth in ¶ 8 above:

9.1   All requests for production of documents shall be served no later than **January 9, 2009**.

9.2   All interrogatories shall be served no later than **January 9, 2009**.

9.3   Depositions (except for expert depositions) shall be completed by **April 6, 2009**.

9.4   All Requests to Admit shall be served no later than **March 6, 2009**.

10.   Amending Contentions

10.1  Amendments, supplementations, or modifications of the Infringement Contentions or the Invalidity Contentions are permissible, subject to other applicable rules of procedure and disclosure requirements, if made in a timely fashion and asserted in good faith and without purpose of delay. The Court's ruling on claim construction may support a timely amendment, supplementation, or modification of the Infringement Contentions or the Invalidity Contentions.

10.2  In addition to the permissible amendments, supplementations, or modifications under ¶ 10.1 above, unless a party's Contentions are Final under ¶ 10.3, a party must amend, supplement, or modify its Infringement Contentions or Invalidity Contentions within 60 days of the occurrence of any of the following events:

5

10.2.1. the discovery that such party's contentions are substantially erroneous or deficient;

10.2.2. a determination that new prior art or evidence supports an Invalidity Contention; or

10.2.3. the discovery of a new Accused Instrumentality.

10.3  Each party's Infringement and Invalidity Contentions, whether or not amended, supplemented, or modified under this ¶ 10, shall be deemed that Party's Final Contentions automatically 60 days after the Court's Claim Construction Ruling. No changes shall be made to any Party's Final Contentions without leave of Court and then only for good cause shown.

11.  Expert discovery.  All expert discovery to be completed by **July 30, 2009**.

11.1  Parties bearing the burden of proof as to any issue shall serve all expert reports, if any, with respect to that issue on no later than **May 15, 2009**.

11.2  All rebuttal expert reports shall be served no later than **June 15, 2009**.

11.3  All depositions of expert witnesses and other expert discovery shall be completed by **July 30, 2009**.

12.  All motions and applications shall be governed by the Court's individual practices, including pre-motion conference requirements.  Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within thirty (30) days after the close of expert discovery.

12.1  Dispositive motions and *Daubert* motions shall be filed no later than 75 days after the close of expert discovery.

12.2  Responses to dispositive and *Daubert* motions shall be filed no later than 21 days after service of such motions.

13.  Counsel for both parties must meet face-to-face for at least one hour to discuss settlement within 14 days following the close of fact discovery.

14.  a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

_____

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii)

6

retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

_____

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 14b, be employed at the following point in the case:

_____

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15.     The final pretrial submission date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the final pretrial submission date, the parties shall submit a joint pretrial order prepared in accordance with the undersigned's individual practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the pre-motion conference requirement is waived) shall be filed by the final pretrial submission date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the final pretrial submission date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the final pretrial submission date, unless they meet the standard of Rule 51(a)(2)(a), Fed. R. Civ. P. If this action is to be tried to the court, proposed findings of fact and conclusions of law should be submitted by the final pretrial submission date.

16.     Counsel for the parties have conferred and their present best estimate of the length of trial is: **to be determined**.

★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★

## TO BE COMPLETED BY THE COURT

17.     [Other directions to the parties]

18.     The (next Case Management) (Final Pretrial Conference) is scheduled for *April 10, 2009 9:30 a.m.*

7

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

Dated:    2-14-08
          New York, New York

8