# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

EON-NET, L.P.,

    Plaintiff,

v.

J. CREW INC.,

    Defendant.

07 Civ. 10488 (PKC)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08
```

## STIPULATED PROTECTIVE ORDER

The Court having considered the parties' request for a Protective Order, for good cause shown,

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c):

1. That, with respect to all documents, answers to interrogatories, responses to requests for admission, deposition testimony, exhibits, affidavits, declarations, briefs, and all other information, including all copies, transcripts, excerpts, compilations, abstracts and summaries thereof (collectively "Material") produced by any person, including a party, in the above-identified action, whether as required by the rules governing mandatory disclosures or in response to a discovery request, which Material is designated as "CONFIDENTIAL" by the producing person, the Material and the information contained therein shall be kept confidential and shall be used only for purposes directly related to this action. Except as noted in Paragraph 5 hereof, neither such Material nor the information contained therein shall be communicated in any manner, either directly or indirectly, to any person or entity other than the parties to this action, their attorneys, and necessary employees of the parties. Such

Material and information contained therein may, however, be communicated to any person who had previously prepared or received any such Material.

2. That, with respect to all Material produced by any person, including a party, in the above-identified action, whether as required by the rules governing mandatory disclosures or in response to a discovery request, which Material is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing person, the Material and the information contained therein shall be kept confidential and shall be used only for purposes directly related to this action. Except as noted in Paragraph 5 hereof, neither such Material nor the information contained therein shall be communicated in any manner, either directly or indirectly, to any person or entity, including the parties, other than outside attorneys for the parties and necessary employees of such outside attorneys. In-house counsel shall not have access to such Material or information. Such Material and information contained therein may, however, be communicated to any person who had previously prepared or received such Material.

3. Except as noted in Paragraph 5 hereof, that if depositions conducted in this action involve Material or information designated as "CONFIDENTIAL," the portions of such depositions involving such Material or information will be taken with no one present during those portions of the examination relating in any way to such Material or information except the deponent, the persons or parties described in Paragraph 1 above, and the court reporter. In addition, with respect to any testimony regarding such Material or information, such testimony, including copies of it obtained by counsel and its contents, shall be marked and treated in the same manner as other Material and its contents designated as "CONFIDENTIAL," except that designation of any portions of the transcript (including

exhibits) shall be made either orally at the deposition or by giving written notice of such designation within fifteen (15) business days, via facsimile or overnight Federal Express, after the designating party receives a copy of the transcript. During the period of time between the taking of the deposition and the end of the fifteen business day period referred to above, all transcripts, exhibits and the information contained therein shall be deemed to be "CONFIDENTIAL ATTORNEYS' EYES ONLY" in their entirety under the terms of this Protective Order. If no designation is made within the fifteen business days, the entire transcript, and all exhibits thereto, shall be considered non-confidential to the extent not previously designated. If such "CONFIDENTIAL" testimony is filed with the Court, the filing party shall request an order that it shall be filed under seal, marked with reference to this Protective Order and, except upon order of this Court, shall not be opened or viewed by anyone except Court personnel.

4.   That, if depositions conducted in this action involve Material or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the portions of said depositions involving such Material or information will be taken in camera with no one present during those parts of the examination relating in any way to such Material or information except for the deponent, the persons or attorneys described in Paragraph 2 hereof, any experts of a party qualified under Paragraph 5 hereof, and the court reporter. In addition, any testimony regarding such Material or information, including copies of it obtained by counsel and its contents, shall be marked and treated in the same manner as Material and its contents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," Except that it may be designated in accordance with the process and timetable set forth in Paragraph 3 hereof. If such Material or testimony is filed with the Court, the filing party

shall request an order that it shall be filed under seal, marked with reference to this Protective Order and, except upon order of this Court, shall not be opened or viewed by anyone except Court personnel.

5.   Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to information contained in documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and deposition testimony similarly designated may be disclosed to experts of a party, provided that, prior to receiving any Material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any expert shall sign a statement acknowledging that he or she has read and understands this Protective Order and that he or she agrees to be bound by its terms, as set forth in Exhibit "A" hereto. A copy of all such signed acknowledgments shall be maintained by counsel for the party receiving them. For purposes of this paragraph, an expert cannot be a director, officer, shareholder or employee of a party, a competitor of the producing party, or an employee of a competitor of the producing party.

6.   A party may designate Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" subsequent to production. Said designation after the initial production of Material (other than in a case of depositions), shall have no *ex post facto* effect and the parties who receive material not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have no liability for or with respect to any predesignation dissemination of the Material or information. The inadvertent production of any Material or information, whether "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or non-confidential, during discovery in this action, shall be

without prejudice to any claim that such material is privileged or protected from discovery as privileged material or work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure and no party shall be held to have waived any rights by such inadvertent production. Any material or information so produced and subject to a claim of privilege or work product subsequently made shall immediately be returned to the producing party and/or expunged and in either event such material or information shall not be introduced into evidence in this proceeding or any other proceeding by any person or used in any other way without the prior written consent of the producing party or by Order of the Court.

7. In the proposed pretrial order, the parties shall propose procedures reasonably necessary to maintain the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" status of any Material or information to be used at trial. If any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is needed to answer discovery or to otherwise verify a document that would, absent this order, be verified by a person not authorized to see such information, than the discovery shall be answered or other document shall be verified by a person on behalf of such unauthorized person that is entitled hereunder to access.

8. The parties and others subject to this Order agree to negotiate in good faith regarding the designation of Material or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to submit to the Court for its determination any Material or information on which they are unable to agree on such designation. . The person objecting to the designation of particular Material or information shall bear the burden of submitting said Material or information and the objection to the Court. The restrictions set forth in this Order shall not apply to information legally obtained

by the receiving party prior to the date of its transmission to the receiving party, or which becomes publicly known after the date of its transmission to the receiving party, provided that such information does not become known by any act or omissions of the receiving party, its employees or agents, which would be in violation of this Order.

9. The attorneys for the party requesting material shall be responsible for safeguarding all Material or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" which is produced by the responding party or person pursuant to the terms of this Protective Order. A party who receives a subpoena or other request for production or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Material or information from any third party shall not disclose any such Material or information in response to the subpoena without first providing written notice to the designating party. That party shall have ten (10) business days to take such action as it deems appropriate to protect the Material or information. If the designating party files a motion for a protective order, the receiving party shall make no disclosure while the motion is pending. If protected Material is copied or digested, abstracted, quoted, or referred to in any work product, including work product of the Court and its agents, such work product shall be marked as soon as possible to reflect the appropriate designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Work product covered by this paragraph shall become protected Material immediately upon its creation, whether or not it has been properly marked in accordance with the terms of this Order. Any pleadings, briefs, appendices or exhibits created for submission to the Court shall be work product within the meaning of this rule.

10. All Material subject to this Order, and all confidential information derived therefrom, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose, or for any purpose whatsoever other than the preparation and trial of this action in accordance with the provisions of this Protective Order.

11. Any person to or by whom disclosure or inspection is made in violation of this Protective Order shall be bound by the terms of this Protective Order, and subject to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

12. Except as noted in Paragraph 5 hereof, no protected Material shall be removed from the offices of the receiving attorney except under the direction or supervision of the counsel of record. Such counsel shall be responsible for preventing the unauthorized use or disclosure of the material and for promptly returning it to the segregated files.

13. This Protective Order shall remain in full force and effect and survive the entry of any other order by the Court resulting in the termination of this action, unless this Protective Order is expressly modified or vacated by the Court upon notice to all parties and after an opportunity for all parties to be heard. Upon final disposition of all claims and defenses, including all appeals, or by settlement or expiration of time to appeal, the parties shall have sixty (60) days to return or to destroy and certify the destruction of all Material subject to this Protective Order and all documents containing such Material or information. The Court shall retain jurisdiction over all persons subject to this Protective Order for the limited purpose of enforcing such return and of enforcing the continuing obligations of confidentiality imposed by this Protective Order.

14. This Protective Order is without prejudice as to the right of any party to seek modification or amendment of this Protective Order by further order of the Court upon motion and notice.

15. Acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder shall not constitute a concession that the information, document or thing is, in fact, confidential.

SUBMITTED AND CONSENTED TO BY:

By: *[signature]*
Jean-Marc Zimmerman
Zimmerman, Levi & Korsinsky LLP
226 St. Paul Street
Westfield, NJ 07090
Tel: (908) 654-8000
Fax: (908) 654-7207
Attorneys for Eon-Net, L.P.

By: *[signature]*
Lawrence B. Friedman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
Fax: (212) 225-3999
Attorneys for J. Crew Inc.

SEE ADDENDUM

SO ORDERED this 21st day of April, 2008.

*[signature]*
P. Kevin Castel
United States District Judge

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

EON-NET, L.P.,

                Plaintiff,

      v.

J. CREW INC.,

                Defendant.

07 Civ. 10488 (PKC)

# EXHIBIT "A"

## RECITAL OF CONFIDENTIALITY

I, _____, acknowledge that I have been given a copy of the Stipulated Protective Order pertaining to the disclosure of confidential information and documents in the above-styled action. I have read the same, understand the terms contained therein, and agree to be bound by all of such terms.

Dated: _____        Signature: _____

                                               Print Name: _____

Eon-Net v. J. Crew

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
EON-NET, L.P. v. J. CREW, INC.
07 Civ. 10488 (PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
April 29, 2008